## CHARLES W. BOYNTON *et al.*
### *v.*
## CHARLES G. WICKER *et al.*

1. The case of *Bacon* v. *Cobb*, *ante*, p. 47, must be understood as decisive of this case, with the exception of a single question, and which did not arise in that suit.

2. CONTRACTS—*for the delivery of personal property—part performance —recovery may be had under common counts.* Where, under a contract for the delivery of personal property, a party receives a portion of it, and appropriates the proceeds to his own use, a recovery for that portion so received and appropriated may be had under the common counts, although a recovery might not be had under special counts for a breach of the contract.

APPEAL from the Superior Court of Chicago.

This was an action in assumpsit, brought by the appellants against the appellees, in the Superior Court of Chicago, for the breach of a contract made at Chicago, January 3, 1865, for the purchase by them of the appellants of 20,000 bushels of corn, at $1.30 per bushel, to be delivered in sacks at Cairo, within a reasonable time thereafter; the plaintiffs to guarantee weight and government inspection at Cairo; the corn to be paid for, less the cost of transportation, as the same was delivered to the carrier, and bills of lading, or shipping bills therefor were presented to defendants. The declaration contained eight special counts, some on a sale, the rest on a contract as above stated, some alleging a part delivery, and an offer of the balance March 28, 1865; and others alleging a

tender and offer at that date of the whole amount; also, the common counts. Verdict and judgment for appellees.

The further facts are stated in the opinion.

Messrs. Miller, Van Arman & Lewis, for the appellants.

Messrs. Borden, Spafford & McDaid, for appellees.

Mr. Justice Walker delivered the opinion of the Court:

Most of the questions presented by this record were raised, discussed and determined in the case of *Bacon* v. *Cobb*, *ante*, p. 47. This case, however, presents an additional question not arising on that record. The evidence in this case strongly tended to show that appellees had received a portion of the grain which was condemned and a portion which passed inspection, and that they had sold and received the money for it, and for which it was claimed that appellees had never accounted.

The court, however, by the first clause of the instruction given for appellees, took this question entirely from the consideration of the jury. The instruction informed the jury, "that upon the facts that the plaintiffs have shewn, without reference to any evidence on the part of the defendants, the plaintiffs have no right to recover." It will be remembered that it was claimed that appellees had received two car loads of corn which passed inspection and one that was rejected, the proceeds of which they had appropriated to their own use, and for which they had not accounted to appellants. If this was true, and it seems to us that there was evidence at least tending to prove it, then appellants had a right to recover for that corn under the common counts, although they might not be able to recover under the special counts for a breach of the contract. If they received the corn, or its proceeds, they were bound to account for it, although delivered under the contract, and it had not been performed by appellants. And the jury should have been left free to determine that question. In taking its consideration from the jury the court erred, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*